UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JAMES MEARS,

                Plaintiff,

vs.

CARRABBA'S ITALIAN GRILL LLC,
d/b/a CARRABBA'S ITALIAN GRILL and
SVS CATALINA LLC,

                Defendants.

_____/

## **COMPLAINT**

COMES NOW, JAMES MEARS, by and through the undersigned counsel, and files this, his Complaint against Defendants, CARRABBA'S ITALIAN GRILL LLC, d/b/a CARRABBA'S ITALIAN GRILL and SVS CATALINA LLC, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").   In support thereof, Plaintiff respectfully shows this Court as follows:

## **JURISDICTION**

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' CARRABBA'S ITALIAN GRILL LLC, d/b/a CARRABBA'S ITALIAN GRILL and SVS CATALINA LLC, failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.      Plaintiff, JAMES MEARS (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in the State of Florida (Broward County).

3.      Plaintiff is disabled as defined by the ADA.

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7.      Defendant, CARRABBA'S ITALIAN GRILL LLC, d/b/a CARRABBA'S ITALIAN GRILL (hereinafter "CARRABBA'S ITALIAN GRILL LLC, d/b/a CARRABBA'S ITALIAN GRILL"), is a Florida limited liability company that transacts business in the State of Florida and within this judicial district.

8.      Defendant, CARRABBA'S ITALIAN GRILL LLC, d/b/a CARRABBA'S ITALIAN GRILL, may be properly served with process via its registered agent for service, to wit:   c/o Kelly Lefferts, Registered Agent, 2202 N. West Shore Bld., 5th Floor, Legal Department, Tampa, FL  33607.

2

9.      Defendant, SVS CATALINA LLC (hereinafter "SVS CATALINA LLC") is a Florida limited liability company that transacts business in the State of Florida and within this judicial district.

10.     Defendant, SVS CATALINA LLC, may be properly served with process via its registered agent for service, to wit:  c/o SVS Property Group, Registered Agent, 2980 NE 207th Street, #506, Aventura, FL  33180.

## FACTUAL ALLEGATIONS

11.     On or about April 8, 2021, Plaintiff was a customer at "Carrabba's Italian Grill," a business located at 1999 N. Congress Avenue, Boynton Beach, FL  33426, referenced herein as the "Carrabba's." Attached is the April 8, 2021 receipt documenting Plaintiff's purchase.  *See* Exhibit 1.

12.     CARRABBA'S ITALIAN GRILL LLC, d/b/a CARRABBA'S ITALIAN GRILL operates the business at 1999 N. Congress Avenue, Boynton Beach, FL  33426 and is the lessee, sub-lessee, lessor and/or operator of the real property and improvements which are the subject of this action, referenced herein as the "Property."

13.     SVS CATALINA LLC is an owner of the real property (parcel 08-43-45-18-15-003-0000) and improvements that the parking lot servicing Carrabba's is situated upon and that is the subject of this action, referenced herein as the "Property.

14.     Plaintiff's access to the business(es) located at 1999 N. Congress Avenue, Boynton Beach, FL  33426, Palm Beach County Property Appraiser's parcel identification number 08-43-45-18-15-003-0000 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or

limited in the future unless and until Defendants, CARRABBA'S ITALIAN GRILL LLC, d/b/a CARRABBA'S ITALIAN GRILL and SVS CATALINA LLC, are compelled to remove the physical barriers to access and correct the ADA violations that exist at Carrabba's and the Property, including those set forth in this Complaint.

15.    Defendants, SVS CATALINA LLC, as property owner of the parcel in which Carrabba's is situation on, is responsible for complying with the ADA for both the exterior portions and interior portions of Carrabba's and the Property.  Even if there is a lease between Defendant, SVS CATALINA LLC and the tenant allocating responsibilities for ADA compliance within the unit the tenant operates, that lease is only between the property owner and the tenant and does not abrogate the Defendant SVS CATALINA LLC's. requirement to comply with the ADA for the entire Property it owns, including the interior portions of Carrabba's and the Property which are public accommodations.  *See* 28 CFR § 36.201(b).

16.    Plaintiff has visited Carrabba's and the Property as a customer and advocate for the disabled.  Plaintiff intends on revisiting Carrabba's and the Property within six months after the barriers to access detailed in this Complaint are removed and Carrabba's and the Property are accessible again.  The purpose of the revisit is to be a return customer, to determine if and when Carrabba's and the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

17.    Plaintiff intends on revisiting Carrabba's and the Property to purchase goods, food and/or services as a return customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

4

18.     Plaintiff travelled to Carrabba's and the Property as a customer and as an independent advocate for the disabled, encountered and/or was made aware of the barriers to access at Carrabba's and the Property that are detailed in this Complaint, engaged or was dissuaded from engaging those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Carrabba's and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

19.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

20.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)   discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an

5

equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

21.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

        * * * * *

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

22.      The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

23.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

24.     Carrabba's is a public accommodation and service establishment.

25.     The Property is a public accommodation and service establishment.

26.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

27.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of

$500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

28.     Carrabba's must be, but is not, in compliance with the ADA and ADAAG.

29.     The Property must be, but is not, in compliance with the ADA and ADAAG.

30.     Plaintiff has attempted to, and has to the extent possible, accessed Carrabba's and the Property in his capacity as a customer at Carrabba's and the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Carrabba's and the Property that preclude and/or limit his access to Carrabba's and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31.     Plaintiff intends to visit Carrabba's and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Carrabba's and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Carrabba's and the Property that preclude and/or limit his access to Carrabba's and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32.     Defendants, CARRABBA'S ITALIAN GRILL LLC, d/b/a CARRABBA'S ITALIAN GRILL and SVS CATALINA LLC, have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services,

facilities, privileges, advantages and/or accommodations of Carrabba's and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

33.     Defendants, CARRABBA'S ITALIAN GRILL LLC, d/b/a CARRABBA'S ITALIAN GRILL and SVS CATALINA LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, CARRABBA'S ITALIAN GRILL LLC, d/b/a CARRABBA'S ITALIAN GRILL and SVS CATALINA LLC, are compelled to remove all physical barriers that exist at Carrabba's and the Property, including those specifically set forth herein, and make Carrabba's and the Property accessible to and usable by Plaintiff and other persons with disabilities.

34.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed and/or was made aware of prior to filing this lawsuit that precluded and/or potentially limited Plaintiff's access to Carrabba's and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Carrabba's and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS**

(i)     There are five accessible parking spaces, for the middle three of the five accessible parking spaces, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

8

(ii)     There are five accessible parking spaces, for the middle three of the five accessible parking spaces, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards.  This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(iii)    There are five accessible parking spaces, for the middle three of the five accessible parking spaces, the accessible parking space is not level due to the presence of accessible ramp side flares in the accessible parking space in violation of Sections 502.4 and 406.5 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iv)    Due to a policy of placing a "We Deliver" sign within 36 inches of the accessible ramp servicing a middle accessible parking space, the landing at the top of the accessible curb ramp does not have 36 (thirty-six) inch clear space in violation of Section 406.4 of the 2010 ADAAG standards.  This violation would make it difficult and dangerous for Plaintiff to access the Property.

(v)     The accessible curb ramp servicing the middle accessible parking space access aisle has a vertical rise at the top that is in excess of a ¼ of an inch, in violation of Sections 303.2 and 405.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access public features of the Property.

(vi)    For the northern-most accessible parking space, the ground surfaces of the accessible space have vertical rises in excess of ¼ (one quarter) inch in height, are

not stable or slip resistant, have broken or unstable surfaces or otherwise fail to comply with Sections 502.4, 302 and 303 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(vii)   For the northern-most accessible parking space, the accessible parking space has a cross-slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and is not level. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(viii)   For the northern-most accessible parking space, the accessible parking space is not located on the shortest distance to the accessible route leading to the accessible entrances in violation of Section 208.3.1 of the 2010 ADAAG Standards. While there is a ramp directly north of this particular accessible parking space, when a vehicle parks in this space, the vehicle itself blocks the accessible route to the ramp.  Moreover, since the access aisle is on the opposite side of where the ramp is, one cannot exit the vehicle and traverse to an accessible ramp without entering the vehicular way.  Additionally the side ramp is not accessible due to the barriers to access detailed in (ix), (x) and (xi).  Moreover, as detailed in (iv) above, the next closest accessible ramp lacks a clear landing due to a policy of keeping a sign within 36 inches of the accessible ramp.  This violation would make it difficult for Plaintiff to access the units of the Property.

(ix)   The accessible ramp directly north of the northern accessible parking space lacks a clear and level landing of at least 36 inches from the end of the sloped surface of the ramp due to the fact the curb drops off four inches. This is in violation of

Section 405.7 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(x)    The ground surface directly after the accessible ramp directly north of the northern most accessible ramp lacks a level turning space of at least a 60 inches in diameter circle or a 60 inch square minimum t-shaped space in violation of Section 304.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xi)    Due to a policy of placing chairs, a sign and side tables along the only accessible route to the accessible entrance of the restaurant leading from the accessible parking spaces, there are publicly accessible areas of the Property having accessible routes with clear widths below the minimum 36 (thirty-six) inch requirement as required by Section 403.5.1 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(xii)    Due to a policy of placing chairs, a sign and side tables along the only accessible route to the accessible entrance of the restaurant, the Property lacks an accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property in violation of Section 206.2.2 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access public features of the Property.

(xiii)    Due to a policy of placing chairs, a sign and side tables along the only accessible route to the accessible entrance of the restaurant, the Property lacks an accessible route from accessible parking spaces, accessible passenger loading zones, public

11

streets, sidewalks and/or public transportation stops to the accessible entrance of the Property in violation of Section 206.2.1 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(xiv)   The southern most accessible parking space is not located on the shortest distance to the accessible route in violation of Section 208.3.1 of the 2010 ADAAG standards.   While there is a ramp directly south of this particular accessible parking space, when a vehicle parks in this space, the vehicle itself blocks the accessible route to the ramp.   Moreover, since the access aisle is on the opposite side of where the ramp is, one cannot exit the vehicle and traverse to an accessible ramp without entering the vehicular way. Additionally the southern accessible parking space is not on an accessible route due to the barriers to access detailed in (xi) and (xv).   This violation would make it difficult for Plaintiff to access the units of the Property.

(xv)   The ground surface directly after the accessible ramp directly south of the southern most accessible ramp lacks a level turning space of at least a 60 inches in diameter circle or a 60 inch square minimum t-shaped space in violation of Section 304.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xvi)   There is a vertical rise in excess of ¼ inch along the accessible route when leaving the concrete sidewalk to the painted red exterior floor in front of the accessible entrances to the Property. This is in violation of Sections 303.2 and 405.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access public features of the Property.

(xvii)   There is not at least 5% (five percent) of the outside dining surfaces provided for consumption of food or drink that comply with Section 902.2 of the 2010 ADAAG standards, requiring appropriate knee and toe clearance complying with Section 306 of the 2010 ADAAG standards, positioned for a forward approach, in violation of Section 226.1 of the 2010 ADAAG standards.

(xviii)  The Property lacks an accessible route from the sidewalk to the accessible entrance in violation of Section 206.2.1 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(xix)    Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**RESTROOMS**

(xx)     The accessible toilet stall door is not self-closing and violates Section 604.8.2.1 of the 2010 ADAAG standards. This would make it difficult for the Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

35.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Carrabba's and the Property.

36.    Plaintiff requires an inspection of Carrabba's and the Property in order to determine all of the discriminatory conditions present at Carrabba's and the Property in violation of the ADA.

37.    The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant

13

difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

38.      All of the violations alleged herein are readily achievable to modify to bring Carrabba's and the Property into compliance with the ADA.

39.      Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Carrabba's and the Property is readily achievable because the nature and cost of the modifications are relatively low.

40.      Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Carrabba's and the Property is readily achievable because Defendants, CARRABBA'S ITALIAN GRILL LLC, d/b/a CARRABBA'S ITALIAN GRILL and SVS CATALINA LLC, have the financial resources to make the necessary modifications. According to the Property Appraiser, the appraised value of the parcel owned by Defendant SVS CATALINA LLC is $1,543,107.00.

41.      The removal of the physical barriers and dangerous conditions present at Carrabba's and the Property is also readily achievable because Defendant has available to it a $5,000.00 tax credit and up to a $15,000.00 tax deduction from the IRS for spending money on accessibility modifications.

42.      Upon information and good faith belief, Carrabba's and the Property has been altered since 2010.

43.      In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

44.      Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until

14

Defendants, CARRABBA'S ITALIAN GRILL LLC, d/b/a CARRABBA'S ITALIAN GRILL and SVS CATALINA LLC, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Carrabba's and the Property, including those alleged herein.

45.     Plaintiff's requested relief serves the public interest.

46.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

47.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, CARRABBA'S ITALIAN GRILL LLC, d/b/a CARRABBA'S ITALIAN GRILL and SVS CATALINA LLC, pursuant to 42 U.S.C. §§ 12188 and 12205.

48.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, CARRABBA'S ITALIAN GRILL LLC, d/b/a CARRABBA'S ITALIAN GRILL and SVS CATALINA LLC, to modify Carrabba's and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant, CARRABBA'S ITALIAN GRILL LLC, d/b/a CARRABBA'S ITALIAN GRILL, in violation of the ADA and ADAAG;

(b)     That the Court find Defendant, SVS CATALINA LLC, in violation of the ADA and ADAAG;

(c)     That the Court issue a permanent injunction enjoining Defendants, CARRABBA'S ITALIAN GRILL LLC, d/b/a CARRABBA'S ITALIAN GRILL and SVS CATALINA LLC, from continuing their discriminatory practices;

(d)     That the Court issue an Order requiring Defendants, CARRABBA'S ITALIAN GRILL LLC, d/b/a CARRABBA'S ITALIAN GRILL and SVS CATALINA

LLC, to (i) remove the physical barriers to access and (ii) alter Carrabba's and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f)     That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: April 26, 2021.

Respectfully submitted,

Law Offices of
THE SCHAPIRO LAW GROUP, P.L.

/s/ Douglas S. Schapiro
Douglas S. Schapiro, Esq.
Fla. Bar #54538
The Schapiro Law Group, P.L
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com

16